UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MOSE JEFFERSON MANOR, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-9009 |
| MARKET INTERNATIONAL INSURANCE CO., LTD. | SECTION "K"(2) |

### ORDER AND OPINION

Before the Court is the "Motion for Reconsideration" filed on behalf of Mose Jefferson Manor, Inc., Statewide Inc., and Eddie Oliver (Doc. 33) which urges the Court to reconsider its order dismissing plaintiffs' case for failing to file an opposition to defendant Markel International Insurance Company, Ltd.'s "Motion to Dismiss or Alternatively, Motion for Summary Judgment" (Doc. 23).[1]  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion for reconsideration.

BACKGROUND

Markel International Insurance Company, Ltd. ("Markel") insured commercial property located at 2712-2716 Loyola Avenue and 3313 S. Saratoga Street. The properties sustained damage as a result of Hurricane Katrina. Pursuant to its policies Markel paid damages on both of the properties. On August 28, 2006, after concluding that Markel failed to make full payment for the damages to the properties, Mose Jefferson Manor, Inc., Statewide, Inc., and Eddie Oliver filed suit

---

[1] The motion for reconsideration indicates that it was filed on behalf of Mose Jefferson Manor, Inc., Statewide, Inc., and Eddie Oliver. The Court notes that they are no longer parties to this suit and assumes that inadvertent error resulted in the motion not being filed on behalf of the current plaintiffs B.E.P. Consulting Services, LLC and Enterprise Consultants, LLC.

in state court against Markel seeking additional money for the damages sustained by the buildings as well as Louisiana statutory penalties. The petition did not indicate the relationship between the plaintiffs and the damaged properties, other than to state with respect to each property that "[t]he policy covered the plaintiffs' business located" at each address.

Markel removed the suit to federal court. Almost two years later plaintiffs filed a "Motion to Amend Named Parties" (Doc. 14). The motion identified Mose Jefferson Manor, Inc. as the "insured" on the policy issued by Markel on the property located at 2712-16 Loyola Avenue and stated that Enterprise Consultants, LLC "actually owned" the property. *Id.* The motion also identified Statewide, Inc. and Eddie Oliver as the insureds on the Markel policy for the property on S. Saratoga Street but stated that B.E.P. Consulting Services, LLC. "actually owned" that property. *Id.* The motion to amend sought an order substituting "Enterprise Consultants, LLC and B.E.P. Consulting Services as the proper party plaintiffs." Doc. 14. The Court granted the order as drafted by plaintiffs. (Doc. 16).

Thereafter Markel filed a "Motion to Dismiss or Alternatively, Motion for Summary Judgment" (Doc. 23). Markel asserted that the entities identified as the owners of the properties were not in privity with it and therefore had no right of action against it for an alleged breach of the insurance contracts. When counsel for plaintiffs failed to timely file an opposition to the motion, the Court granted the motion stating, in pertinent part, "this motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit, IT IS ORDERED that the motion is GRANTED." Doc. 28. The Court also stated "[a] motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days. The motion must be accompanied by an opposition memorandum to the original motion." *Id.* Mose

2

Jefferson Manor, Inc., Statewide Inc., and Eddie Oliver timely filed a motion for reconsideration and although they did not file their opposition to the defendant's motion contemporaneously with the motion for reconsideration, they filed the opposition shortly thereafter.

## LAW AND ANALYSIS

Relying on Rule 59(e) of the Federal Rules of Civil Procedure, plaintiffs urge the Court to reconsider its order dismissing the claims contending that "plaintiff's counsel erred in attempting to electronically file the plaintiff's . . . opposition to the defendant's Motion for Summary Judgment" and that "[c]ounsel's failure to properly and timely electronically file the motion in opposition was purely inadvertent." Doc. 33-3, p. 1. This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, (4) or an intervening change in controlling law. *In Re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 5216897 at 1(E.D. La. December 29, 2009). The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly." *Id.* (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d §2810.1, p. 124*, Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995). The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motion to alter or amend a judgment." *Southern Contractors Group, Inc. v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir. 1993).

The only arguable Rule 59(e) category under which relief could be granted is "the need to prevent manifest injustice." However, plaintiffs are not entitled to relief on that ground. The failure to grant reconsideration will not result in a manifest injustice because granting reconsideration is

3

futile because defendant is entitled to the dismissal of claims.

As noted previously Markel moved to dismiss the suit, or alternatively for summary judgment urging that the plaintiffs, the alleged owners of the property, are not in privity with Markel and have no right of action against it for damage to the property. The original plaintiffs, i.e, Mose Jefferson Manor, Inc., Statewide, Inc., and Eddie Oliver, are the named insureds on the Markel policy; however, at plaintiffs' counsel's request, the Court substituted B.E.P. Consulting Services and Enterprise Consultants, the property owners, as the proper party plaintiffs. Thus, the named insureds are no longer parties to this litigation.

This suit is one for breach of an insurance contract. "It is a well accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions ex contractu cannot be maintained against a party by an individual who is not party thereto." *Randall v. Lloyd's Underwriters at London*, 602 So.2d 790, 791 (La. App. 4th Cir. 1992). In the context of a suit on a fire insurance policy, it has been held that:

> It is a well established general principle of law of policy of fire insurance is a personal contract between the insurer and the insured. A person who is not either a party to the insurance contract or one for whose benefit it was written is not entitled to a share of the insurance proceeds by the mere fact that they have an insurable interest in the property.

*Hartford Insurance Company of the Southeast v. Stablier*, 476 So. 2d 464, 466 (La. App. 1st Cir. 1985).

Plaintiffs's counsel concedes that B.E.P. Consulting Services, Inc. and Enterprise Consultants are not parties to the insurance contract and that they are "the improper parties to prosecute this action." Doc. 36-3, p.5. Plaintiffs take the position that pursuant to Rule 17 of the Federal Rules of Civil Procedure they should be permitted to substitute Mose Jefferson Manor, Inc.,

4

Statewide, LLC, and Eddie Oliver, the named insureds on the policy, as the proper party plaintiffs because B.E. P. Consulting Services, LLC and Enterprise Consultants, LLC were "improperly substituted as plaintiffs via Motion to Amend the Named Party Plaintiffs." Doc. 36-3, p. 4.  That contention lacks merit.

Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest."  "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Farrell Construction Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990).  Rule 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

In commenting on Rule 17(a)(3), the Advisory Committee note to the 1966 Amendment states in pertinent part:

> Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.

The cited port of Rule 17(a)(3) applies "'only when the plaintiff brought the action in her own name as a result of an understandable mistake,' as opposed to calculation or neglect." *Wieburg v. GTE Corporation*, 71 Fed. Appx. 440, 2003 WL 21417074 at *2 (5th Cir. June 2, 2003) (quoting *Wieburg v. GTE Corporation*, 272 F.3d 302, 308 (5th Cir. 2003).  Therefore, "[t]o avoid dismissal . . . a

plaintiff who is not the real party in interest must show, first, that he sued in his own name based on a understandable mistake and second, that he did not have a reasonable time to correct the pleading deficiency." *Id.; see also 6A Charles A. Wright et al, Federal Practice and Procedure* §155, at 415-16 (2d ed. 1990) (explaining that only plaintiff's whose pleading error resulted from understandable mistake should receive a reasonable time to correct the error).

Plaintiffs have not offered the Court any reason why it should consider counsel's naming of the property owner, rather than the insured, to be an understandable mistake, particularly where, as here, the insureds were originally named as the plaintiffs. There should have been no difficulty in determining the proper party in interest. In fact, prior to the time plaintiffs filed suit, the insurer had already paid some amount of damages under its policies to the insureds. Following the tenets of Rule 17, the Court cannot fathom how this error resulted from difficulty in determining the proper party to sue or qualifies as an "understandable mistake" as opposed to neglect. Moreover, even after defendant filed its motion to dismiss, plaintiffs counsel did not attempt to substitute the insureds as plaintiffs and did so only after the Court dismissed the suit. Because Rule 17(a) does not provide plaintiffs with the protection sought and plaintiffs are not entitled to substitute the insureds as the plaintiffs, the Court properly dismissed the claim.

New Orleans, Louisiana, this 13th day of June, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE